**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EDUARDO ALVAREZ and ARTURO ALVAREZ, on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 14 C 1327 |
| FOREVER HARDSCAPES, INC. and MICHAEL MCMAHON, Individually, | ) ) ) | Judge Ellis |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO REINSTATE CASE, FOR ENTRY
OF CONSENT JUDGMENT AGAINST DEFENDANTS,
AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs, Eduardo Alvarez and Arturo Alvarez, through their counsel, move this Court to reopen this lawsuit for the purposes of enforcing the Settlement Agreement in this case, entering a consent judgment in the amount of $4,500, and awarding Plaintiffs their attorneys' fees and costs for preparing and appearing on this motion. In support of this motion, Plaintiffs state as follows:

1.     Plaintiffs' claims arose under the Fair Labor Standards Act, 29 U.S.C. ' 201 *et seq.* (AFLSA@) and the Illinois Minimum Wage Law, 820 ILCS ' 105/1 *et seq.* (AIMWL@), for Defendants' failure to pay overtime wages to Plaintiffs and similarly situated laborers for all time worked in excess of forty (40) hours in individual workweeks.

2.     On September 4, 2014, Plaintiffs executed a copy of the parties' settlement agreement. On August 27, 2014, Defendants executed a copy of the parties' settlement agreement. A copy of the fully executed settlement agreement is attached hereto as Exhibit 1. With respect to

1

payment of the settlement proceeds, Section 1.A of the agreement provides that:

> In consideration for the promises in this Agreement, Employer shall pay Employees the gross sum of Eight Thousand Dollars and Zero Cents ($8,000.00). The payments will be made in fourteen installments, as set forth in the Payment Schedule attached hereto as Exhibit A. All payments shall be delivered to Werman Salas P.C., c/o Sarah J. Arendt, 77 W. Washington St., Suite 1402, Chicago, IL 60602:

(i)    By September 1, 2014, Employer shall pay a total of One Thousand, Five Hundred Dollars ($1,500.00) which shall be apportioned and paid as follows:

Payment to Eduardo Alvarez: One cashier's check in the gross amount of Two Hundred Eighty-Eight Dollars and Ninety Cents ($288.90), less applicable payroll tax withholdings, made payable to Eduardo Alvarez, and a second cashier's check made payable to Eduardo Alvarez in the gross amount of Two Hundred Eighty-Eight Dollars and Ninety Cents ($288.90) for liquidated damages.

Payment to Arturo Alvarez: One cashier's check in the gross amount of One Hundred Sixty-One Dollars and Ten Cents ($161.10), less applicable payroll tax withholdings, made payable to Arturo Alvarez, and a second cashier's check made payable to Arturo Alvarez in the gross amount of One Hundred Sixty-One Dollars ad Ten Cents ($161.10) for liquidated damages.

Payment to Werman Salas P.C.: A certified check in the gross amount of Six Hundred Dollars ($600.00) made payable to Werman Salas P.C. The amount paid to Employees' attorneys, Werman Salas P.C. (EIN #20-3042887), is for Employees' attorneys' fees and costs.

(ii)    On the first day of each month, through and including October 1, 2015, Employer shall pay a total of Five Hundred Dollars ($500.00), which shall be apportioned and paid as follows:

Payment to Eduardo Alvarez: One cashier's check in the gross amount of Ninety-Six Dollars and Thirty Cents ($96.30), less applicable payroll tax withholdings, made payable to Eduardo Alvarez, and a second cashier's check made payable to Eduardo Alvarez in the gross amount of Ninety-Six Dollars and Thirty Cents ($96.30) for liquidated damages.

Payment to Arturo Alvarez: One cashier's check in the gross amount of Fifty-Three Dollars and Seventy Cents ($53.70), less applicable payroll tax withholdings, made payable to Arturo Alvarez, and a second cashier's check made payable to Arturo Alvarez in the gross amount of Fifty-Three Dollars and Seventy Cents ($53.70) for liquidated damages.

Payment to Werman Salas P.C.: A certified check in the gross amount of Two Hundred Dollars ($200.00) made payable to Werman Salas P.C. The amount paid to Employees'

attorneys, Werman Salas P.C. (EIN #20-3042887), is for Employees' attorneys' fees and costs.

See Exhibit 1.

3.    On September 9, 2014, the Court entered an Order dismissing this lawsuit, dismissing Plaintiffs' claims without prejudice, with leave for Plaintiffs to reinstate this lawsuit.  ECF # 28.

4.    The Settlement Agreement provided payment of the settlement money over time in fourteen installments. Defendants informed Plaintiffs' counsel on January 26, 2015 that they would not be making the February and March 2015 payments.  *See* email from Mike McMahon, Jan. 26, 2015, attached hereto as Exhibit 2. Plaintiffs' counsel informed Defendants that that was not acceptable and that the payments would be expected to be delivered as per the terms of the agreement.

5.    As of this date, Defendants have failed to make the February 1, 2015 and March 1, 2015.

6.    Section 6 of the Settlement Agreement provides that in the event of a default, Employer agrees to the entry of a consent judgment in the entire balance due and owing at the time of the default, with the balance of any unpaid settlement proceeds being accelerated in full. See Exhibit 1.  On February 9, 2015 Plaintiffs' counsel sent an email to Defendants' settlement counsel, Emily Dillingham, in accordance with the provisions of Section 6 of the Settlement Agreement, and Defendants were provided seven (7) days to cure their default under the Agreement. *See* email from Sarah Arendt, Feb. 9, 2015, attached hereto as Exhibit 3.

7.    Defendants failed to cure the default and are presently in default.

8.    The unpaid settlement installments are as follows:

| Due Date | Amount Due. |
|---|---|
| 02/01/2015 | $ 500.00 |
| 03/01/2015 | $ 500.00 |
| 04/01/2015 | $ 500.00 |
| 05/01/2015 | $ 500.00 |
| 06/01/2015 | $ 500.00 |
| 07/01/2015 | $ 500.00 |
| 08/01/2015 | $ 500.00 |
| 09/01/2015 | $ 500.00 |
| 10/01/2015 | $ 500.00 |
| **TOTAL DUE** | **$ 4,500.00** |

See Exhibit A, attached to Exhibit 1, the Settlement Agreement.

9.      Section 6 of the Settlement Agreement also provides for an award of attorneys' fees in the event of a breach. See Exhibit 1.

WHEREFORE, Plaintiffs request that the Court enter the proposed Order, which has been contemporaneously submitted to the Proposed Orders mailbox, (i) granting Plaintiffs' Motion, (ii) ordering an entry of consent judgment in the amount of $4,500, and (iii) awarding Plaintiffs their attorneys' fees and costs for preparing and appearing in court on this motion $1,050.00 (3 hours @ $350 per hour). [1]

Dated: March 24, 2015

Respectfully submitted,

s/Douglas M. Werman
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
312-419-1008
Attorneys for Plaintiffs

---

[1] In order to avoid the time and effort associated with litigating the attorneys' fees issue, Plaintiffs' counsel has compromised the amount of time spent attempting to obtain Defendants' compliance with the settlement agreement and in preparing and appearing on this motion.

# CERTIFICATE OF SERVICE

I hereby certify that on **March 24, 2015** I electronically filed the foregoing **Plaintiffs' Motion to Reinstate Case, For Entry of Consent Judgment Against Defendants, and For An Award of Attorneys' Fees and Costs** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- Emily Newhouse Dillingham - emilydillingham@paulhastings.com

- Emily L. Seymore - emilyseymore@paulhastings.com

I also certify that a copy of **Plaintiffs' Motion to Reinstate Case, For Entry of Consent Judgment Against Defendants, and For An Award of Attorneys' Fees and Costs,** was served by regular U.S. mail on March 24, 2015 on:

Mike McMahon
Forever Hardscapes, Inc.
200 E. Chicago Ave, Suite 30-B
Westmont, IL 60559


s/Douglas M. Werman
One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008